## LYBRAND v. UNITED STATES.

### DRAFTS v. SAME.

(Circuit Court of Appeals, Fourth Circuit.   November 4, 1920.)

Nos. 1817, 1818.

1. **Bankruptcy** ☞496—**Instruction as to advice of counsel held inapplicable, when affidavit on which perjury was assigned was not so made.**

Where defendant filed a sworn claim in bankruptcy on receipts for cotton, and subsequently filed an affidavit in support of a third person's claim for the same cotton, and was indicted for false swearing in making such affidavit, an instruction that, if he fairly stated the facts with reference to the claim to an attorney and honestly followed the attorney's advice in swearing to the affidavit in question, he was not guilty, was inapplicable, the second affidavit not having been made on advice of counsel, especially as, on the government's theory, the first affidavit, which was so made, was true.

2. **Bankruptcy** ☞495—**On trial for making false proof of claim in bankruptcy, advice of counsel to third person held incompetent.**

Where L. was indicted for false swearing in connection with a claim in bankruptcy on a receipt for cotton, and D., who had previously filed a claim for the same cotton, testified that in so doing he acted on the advice of counsel, the conversation with counsel was properly excluded as incompetent; the truth or falsity of D.'s proof of claim not being in issue.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Henry D. Lybrand and George S. Drafts, Jr., were convicted of false swearing, and they bring error.   Affirmed.

C. M. Efird, of Lexington, S. C. (Efird & Carroll, of Lexington, S. C., on the brief), for plaintiffs in error.

Francis H. Weston, U. S. Atty., of Columbia, S. C. (J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

KNAPP, Circuit Judge.   These cases were separately tried, but the facts in the main are common to both, and they may be disposed of in one opinion.

March 30, 1912, one W. P. Roof, of Lexington, S. C., was adjudicated bankrupt.   In the mercantile business carried on by him at that place he was accustomed to buy cotton and issue therefor cotton bills, or receipts, showing the price on the day of delivery, which bills could be held by the sellers and presented for payment as they desired, and these bills were sometimes transferred from one person to another. In April, 1912, the defendant George S. Drafts, Jr., filed a claim against the bankrupt's estate, sworn to in the usual form, for eight bales of cotton, evidenced by two bills, each for four bales, one issued in February and the other in March of that year.   Subsequently a divi-

dend was paid to him on the amount thus claimed to be due for the eight bales of cotton, less some credits on the bills and a merchandise account. He retained the whole of this dividend.

On the 15th of August, 1918, the defendant H. D. Lybrand, filed proof of claim with the trustees, in which he swore that one of the cotton bills issued to Drafts, which one does not appear, had been transferred to him prior to the bankruptcy of Roof, and asked allowance of the amount. On the 14th of August, 1918, Drafts made an affidavit that he had transferred this bill to Lybrand prior to the bankruptcy of Roof. For making these affidavits both of them were indicted and convicted, under subdivision 6 of section 29 of the Bankruptcy Act.

[1] *The Drafts Case.* On his trial Drafts admitted making the proof of claim for eight bales of cotton in April, 1912, and the inconsistent affidavit of August, 1918. His explanation of the former was that he went to one Dreher, a Lexington attorney of good standing, who had since died, to have his proof of claim made out; that he told Dreher he had transferred one of the bills to Lybrand prior to the failure of Roof; that Dreher advised him that he must make out the claim for the whole of the eight bales; and that he accepted this advice and made out the claim accordingly. His statements in this regard were substantiated by other witnesses present at the time. In view of this testimony, defendant's counsel asked the court to instruct the jury as follows:

"If you conclude from the evidence in this case that the defendant went to his attorney and stated fairly the facts with reference to his claim against the bankrupt estate of Roof, and, having so stated the facts fairly and fully, that he honestly followed the advice of his attorney in swearing to the affidavit in question here, then he is not guilty of perjury."

The court refused this request and instructed the jury that "the advice of counsel is no excuse for intentional crime."

The only errors assigned are based on exceptions to this ruling. It is enough to say in answer to the contention here made, as the learned judge said in refusing the request, that defendant was on trial not for swearing falsely in the original proof of claim, but for swearing falsely in the affidavit of August, 1918, and there is no pretense that the latter was made on the advice of counsel. If the affidavit on which Drafts was indicted was true, the affidavit of April, 1912, was false, and the advice of counsel would be a defense only as against a charge of false swearing in that affidavit. On the other hand, if the August affidavit was false, as the government asserts, the April affidavit was true, and, if true, the fact that it was made on the advice of counsel is of no importance. In either case, therefore, the instruction asked for was inapplicable to the issue submitted to the jury, and the record shows that it was refused for that reason. Moreover, taking the charge as a whole, it is evident that the matter in dispute was fully and clearly explained to the jury, and they could not have been misled by refusal to add the requested proposition. This is not to say that the ruling in question is deemed erroneous from any point of view,

for we are not of that opinion, but merely that in the circumstances here considered it needs no defense.

[2] *The Lybrand Case.* On the trial of Lybrand, following that of Drafts, the latter was a witness for defendant. As in his own behalf, he testified again without objection that his proof of claim in 1912 for eight bales of cotton was made on the advice of his attorney, Dreher; that he had in fact transferred to Lybrand, before the failure of Roof, one of the bills issued to him; that he so informed Dreher, to whom he fully and fairly stated all the facts of the case; and that Dreher advised him that under the circumstances "the proper way to make out the claim was for the entire eight bales covered by both receipts." He was then asked to give the conversation with Dreher, including what was said by Dreher with reference to proving his claim, but this was excluded. Another witness for defendant, who overheard the conversation between Drafts and his attorney, was asked the same question, but was not allowed to answer. The exclusion of this testimony is the only error assigned.

The contention can hardly be regarded as serious. Lybrand was on trial for false swearing in his affidavit of August, 1918. He was not a party to or in any wise connected with the proof of claim made by Drafts in 1912, and the advice upon which the latter acted at that time could not be a defense to the charge which Lybrand was called upon to meet. Besides, as above pointed out, the truth or falsity of Drafts' proof of claim was not in issue. It was proper for him to explain the contradiction between that proof and his later affidavit by showing that the former was made on advice of counsel, but as respects Lybrand that advice was a collateral matter and the offered testimony was clearly incompetent.

In both cases the judgment will be affirmed.